**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| SAXBYS COFFEE WORLDWIDE, LLC, | : | Bky. No.  09-15898 ELF |
| | : | |
| Debtor. | : | |
| | : | |

# O R D E R

AND NOW, WHEREAS:

A. The Debtor, Saxbys Coffee Worldwide, LLC ("the Debtor"), filed a voluntary petition under chapter 11 of the Bankruptcy Code on August 5, 2009.

B. By the Order dated May 4, 2011 (Doc. #514), as modified by the Order dated December 8, 2011 (Doc. #585), the court confirmed the Debtor's Fifth Amended Plan of Reorganization ("the Plan").

C. On August 25, 2009, the Internal Revenue Service ("the IRS") filed a timely proof of claim ("the Proof of Claim") for payroll taxes.  (Claim No. 1).

D. The IRS amended the Proof of Claim several times.  The most recent amendment, Proof of Claim No. 1-6, was filed on November 12, 2010 in the total amount of $190,082.72.  Of that amount, the IRS claims that $153,250.98 is entitled to priority treatment under 11 U.S.C. §507(a)(8).

E. The Debtor filed an objection to the Proof of Claim ("the Objection") and asserts that the payroll taxes that are the subject of the Proof of Claim are not contractual obligations of the Debtor and not tax obligations entitled to priority under 11 U.S.C. §507(a)(8).

-1-

F.  The court conducted a hearing on the Debtor's Objection to the Proof of Claim on September 14, 2011.

G.  At the hearing, neither party presented any witnesses. Instead, the parties stipulated that the following material facts are not in dispute:

> (1) On July 20, 2007, the Debtor and Saxbys Coffee, Inc. ("SCI") entered into an asset purchase agreement ("the APA"), pursuant to which SCI agreed to sell substantially all of its assets to the Debtor. (See Ex. D-2);[1]
>
> (2) The APA provided, *inter alia*, that the Debtor assumed SCI's federal tax obligations up to $250,000.00. (Id. ¶2.3);[2]
>
> (3) The tax liabilities for the entity with tax identification number ending in 3462[3] listed on the Proof of Claim are attributable to operations of SCI, not the Debtor.

H.  The court concludes that:

> (1) Pennsylvania law governs whether successor liability shall be imposed;[4]

---

[1]  By agreement, the Debtor introduced the APA into evidence. (Ex. D-1). The IRS' Proof of Claim was also introduced into evidence. (Ex. D-2).

[2]  Although the APA mistakenly states that the Debtor will assume the tax liabilities of the *Debtor*, rather than of SCI, the parties do not dispute the meaning of this provision. See APA ¶2.3.

[3]  The tax obligations consist of employee withheld and employer payroll taxes under the Federal Insurance Contribution Act ("FICA") and employer payroll taxes under the Federal Unemployment Tax Act ("FUTA"). The Proof of Claim, however, does not distinguish between the employee withholding and employer-paid components of the FICA taxes.

[4]  Courts generally apply state law (as opposed to federal common law) in connection with issues of successor liability for federal tax obligations. See, e.g., Hwang Law Firm, LLC v. U.S., 2008 WL 2704316, at *3 (E.D. Pa. July 9, 2008) ("State law governs questions of successor liability." (citing Phila. Elec. Co. v. Hercules, Inc., 762 F.2d 303, 310 (3d Cir. 1985))); Whelco Indus., Ltd. v. U.S., 526 F. Supp. 2d 819,824 (N.D. Ohio 2007) (applying Ohio law); Today's Child Learning Ctr. v. U.S., 40 F. Supp. 2d 268, 272 n. 2 (E.D. Pa. 1998) (applying Pennsylvania law). Neither party has argued otherwise. Therefore, I will apply Pennsylvania successor liability law in this matter.

    (2) With respect to the assumed federal tax obligation, the Debtor is the successor of SCI;[5]

    (3) The IRS' claim for employee trust fund taxes under FICA should be classified as an unsecured, priority debt under §507(a)(8)(C);[6]

    (4) The IRS' claim for the employer portion of employment taxes under FICA and FUTA does not qualify as a priority debt under §507(a)(8)(D) and, therefore, must

---

[5] The general rule of Pennsylvania common law is that "when one company sells or transfers all its assets to another, the successor company does not embrace the liabilities of the predecessor simply because it succeeded to the predecessor's assets." Hercules, Inc.,762 F.2d at 308-09. However, courts have carved out four (4) exceptions to the general rule of successor non-liability:

    (1)    the purchaser of assets expressly or impliedly agrees to assume obligations of the transferor;

    (2)    the transaction amounts to a consolidation or *de facto* merger;

    (3)    the purchasing corporation is merely a continuation of the transferor corporation; or

    (4)    the transaction is fraudulently entered into to escape liability.

If one of these exceptions applies, a successor corporation may be held responsible for the debts and liabilities of its predecessor. Id.

Pursuant to the APA, the Debtor contracted to "assume, agree to satisfy and discharge the Federal tax liabilities" of SCI up to a "maximum amount of $250,000." (Ex. D-2 ¶2.3). Based on the APA and the oral fact stipulation, it is undisputed that the Debtor expressly assumed SCI's federal tax obligation. Therefore, I easily conclude that the first exception applies here and the Debtor is liable as a successor. See, e.g. Aluminum Co. of Am. v. Beazer East, Inc., 124 F.3d 551, 565 (3d Cir. 1997); accord Rosado v. Royal-Pak Sys., Inc., 1999 WL 105033, at *4 (S.D.N.Y. Mar. 1, 1999).

[6] See In re LMS Holding Co., 149 B.R. 684, 686 (Bankr. N.D. Okla. 1993) (holding that trust fund taxes incurred by debtor's predecessor retained character as tax debts rather than contractual obligations in light of the unambiguous phrase in the statute "for which the debtor is liable in whatever capacity" and rejecting debtor's request that the court consider legislative history).

be classified as a general unsecured claim.[7]

It is therefore **ORDERED** that:

1. The Debtor's Objection (Doc. # 536) to the IRS' Proof of Claim (Claim No. 1-6) is **SUSTAINED IN PART AND OVERRULED IN PART**.

2. The employee trust fund taxes under FICA are allowed as an unsecured priority claim under §507(a)(8)(C).

3. The employer payroll taxes under FICA and FUTA are allowed as a general unsecured claim. Cf. 11 U.S.C. §507(a)(8)(D).

4. The IRS shall file, **on or before March 15, 2012,** an amended Proof of Claim itemizing those amounts attributable to the employee trust fund taxes as a priority claim and the employer payroll taxes as a general unsecured claim.

**Date: February 23, 2012**

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

[7] Section 507(a)(8)(D) provides priority treatment to "an employment tax on a wage, salary, or commission of a kind specified in paragraph (4) of this subsection *earned from the debtor* before the date of the filing of the petition . . . ." (emphasis added). Based on the plain language of §507(a)(8)(D), only employment taxes on wages, salary or commissions "earned from the debtor" are entitled to priority and tax obligations that a debtor may owe, in whatever capacity, for taxes not earned from the debtor are not entitled to priority. See Ndosi v. Minn., 950 F.2d 1376, 1378 (8th Cir. 1991) ("On its face, the phrase 'from the debtor' operates to exclude from [§507(a)(8)(D)] employment taxes on wages earned from persons other than the debtor"); 4 Collier on Bankruptcy ¶507.11[5] (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2011) ("If the debtor is liable for an employment tax for a person who was not the employee of the debtor, the claim will not be entitled to priority. . . ."). But see In re Ross, 122 B.R. 462 (Bankr. M.D. Fla. 1990). Here, the employment taxes were earned from SCI, not the Debtor. Consequently, the employer-paid portion of payroll taxes are not entitled to priority under §507(a)(8)(D).